Mr. Justice Morris
delivered the opinion of the Court:
These two causes, brought here from the Police Court of the District on writ of error, involve substantially the same facts and precisely the same question of law. The defendants in error, William H. Sargeant and James Smith, were arrested and arraigned in the police court for alleged violation of an ordinance of the Commissioners of the District relating to the occupation of cab stands on the streets adjacent to the station of the Baltimore and Potomac Railroad Company in this city. They were drivers of cabs not belonging to the railroad company, and the charge against them was that on a certain specified day they unlawfully occupied with their cabs certain space on the streets set apart by the ordinance for the exclusive use of the cabs of the company. The fact of the occupation was proved by the prosecution, and does not seem to have been contested by the defendants in error. Their defense was that the ordinance in question was unreasonable in fact, and therefore null and void; and this contention, after testimony taken to show unfair discrimination in the distribution of cab space by the ordinance between the railroad company and the other cab drivers or cab owners, was sustained by the police judge, who tried the causes without the intervention of a jury, and acquitted the defendants in error. The District of Columbia has appealed from the decision.
This is a sequel to litigation which has heretofore come to this court in the cases of Curry v. District of Columbia, 14 App. D. C. 423, and District of Columbia v. Hazel, 16 App. D. C. 283; and it is in reality a contest between the cabmen and the railroad company, rather than one between these defendants in error and the District of Columbia. In the case of Curry v. The District we held as null and void an ordinance of the Commissioners, purporting to have been made under a joint resolution of Congress set forth at length in the opinion filed in that case, whereby the whole cab *266 stand adjoining the railroad station was set apart for the exclusive use of the cabs of the railroad company and all other cabs were excluded therefrom; and in the case of District of Columbia v. Hazel we held a subsequent ordinance of the Commissioners, which was a modification of the previous one, and whereby the cab stands at the station were apportioned by the allotment of a part, which seems to have been the larger and the better part, to the cabs of the railroad company, and of the residue to the cabs of other cab drivers, to be not on its face null and void for unreasonableness and unfair discrimination, but to be for its validity dependent on the facts and circumstances of the case to be developed by the proof to be adduced ; and we accordingly remanded the cause to the police court for proof as to the facts. A minority of the court in that case was of the opinion that on its face the ordinance was null and void, as plainly showing unfair discrimination. The cause, for some reason, was dropped in the police court, and the two causes now before us have practically been substituted in its place. The proof directed in the Hazel case to be taken has been taken in these cases; and upon that proof, in full pursuance of the opinion of this court in that case, the police court has held the apportionment of space to be an unfair discrimination as against the cab drivers not in the employ of the railroad company, and the ordinance of the Commissioners, therefore, to be unreasonable, null, and void.
By the present appeal no new question is presented. It is sought merely to have us review and recall our previous decision in the Hazel case, and incidentally also our decision in the Curry case; and the proposition upon which it is urged that there should be such review, and which it is said we overlooked or ignored in those decisions, is that there is a broad distinction between municipal regulations or ordinances promulgated under express authority of the legislature and those enacted under the general or incidental *267 powers of the municipality, and that while in the latter class of cases the reasonableness of the use which has been made of the general or incidental powers of the municipality is open for consideration and judicial construction by the courts, in the former class the sole question for the courts is that of the existence and limitations of the powers claimed to have been conferred or exercised. It is argued that the authority to the Commissioners in the present case was express, and that their action under it is no more open to judicial scrutiny on the ground of unreasonableness than would have been an act of Congress itself that assumed to make the same allotment.
How far this distinction is tenable, or the scope and extent of it, if it is tenable, we deem it unnecessary to discuss, for the reason that we think that there is no ground for its application in the present case, and no reason for our withdrawal from the position taken in the Hazel case, unless, indeed, it were in the direction of the view expressed therein by the minority of the court.
It is no more than a plain inference from the co-ordinate independence of the three great branches of our governmental system that the acts of the legislative and executive branches are not in general subject to judicial supervision, and that when an administrative function is committed by the legislative authority to the municipality, as by Congress to the Commissioners of the District, whether it be by express enactment or by the general law of the existence of the municipality, the manner of the exercise of such administrative function is within the discretion of the officers to whom it is committed, and not of the courts. But this is always and in all cases subject to the qualification that the individual rights of individual citizens are not involved in such exercise of power and impaired by it. For when the individual is deprived of his rights or unduly hindered in the exercise of them, it matters nothing to him, *268 and it can make no reasonable difference in law, whether this is done under the pretense of express legislative authority or under the claim of general or implied power; and the courts will give a remedy in either case if they can.
The Congress of the United States in the present instance authorized the Commissioners to locate a cab stand for the railroad company adjacent to its station. Plainly this was to be done in subordination to the general rights of private citizens and upon the principle of equality. There is nothing in the joint resolution that granted this authority which would require or justify the Commissioners to grant an exclusive right in the streets to the railroad company, and we so held in the Curry case. The grant of such an exclusive right was not a proper exercise of their power, but was in excess of it. Equally in excess of it, and not contemplated or justified by the joint resolution, is an exercise of the power which’ in fact, although perhaps not in form, results in the grant of an exclusive right to the company and the exclusion'of the public from the streets in question, or in an unfair discrimination which would practically amount to the same thing. The utmost that can be fairly claimed for the joint resolution is that it empowers the Commissioners to allot a reasonable portion of the specified streets for the cabs of the railroad company, and it was evidently not the intention'of Congress to authorize any unfair discrimination in favor of the company or against the public. The question of the reasonableness of any regulation that might be made was therefore left open by Congress, and was manifestly so intended, and it can not well be claimed that the Commissioners by their action precluded all inquiry into that question, when Congress itself did not assume to speak with any such authoritative finality. This is not one of the cases where the reasonableness of municipal action is beyond question by the individual citizen.
We see no reason to modify our views as expressed in the Hazel case and in the Curry case, and as the proceedings *269 in the cause now before us were had in accordance with the decisions in those cases, and we can not review the determination of fact reached by the police court on the testimony adduced before it, the judgment of that court in both of these causes must be affirmed. And it is so ordered.